IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01650-PSF-OES

MICHELE NEWTON,

    Plaintiff,

v.

FORTIS INSURANCE COMPANY, a Wisconsin corporation; and
FORTIS BENEFITS INSURANCE COMPANY, a Minnesota corporation,

    Defendants.

---

**ORDER ON PENDING MOTIONS AND
AMENDMENT OF COURTROOM MINUTES FOR JULY 20, 2005 HEARING**

---

THIS MATTER is before the Court on Plaintiff's 12(b)(6) Motion for Dismissal of Defendant's Counterclaims Count 1 and 2 for Failure to State a Claim Upon Which Relief Can be Granted and 12(f) Motion to Strike Defendant's Eighth and Ninth Defense (Dkt. # 16), filed on December 7, 2004.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Michele Newton applied for a short term medical insurance policy with Defendant Fortis Insurance Company and Fortis Benefits Insurance Company (collectively, "Fortis") on August 1, 2003. In her application, Ms. Newton represented that within the last five years she had not "received any medical or surgical treatment, consulted a physician concerning or taken medication for: heart disorder including heart attack; stroke; diabetes; cancer; immune system disorder including acquired

immune deficiency syndrome (AIDS); alcoholism or alcohol abuse; chemical dependency or drug abuse." First Amended Answer and Counterclaims of Fortis at ¶ 3.

A policy was subsequently issued and became effective on August 2, 2003. Two days later, Ms. Newton visited Dr. Hillary Browne complaining of shortness of breath and yellowing of skin. *Id.* at ¶ 5. A series of medical examinations followed and on or around September 8, 2003, Ms. Newton was diagnosed with Stage III colon cancer. *Id.* at ¶¶ 7-8. Ms. Newton subsequently submitted claims to Fortis for payment of medical bills related to her condition. Fortis, in a letter dated March 24, 2004, denied her claims, citing a pre-existing condition exclusion contained in the policy. Second Amended Complaint at ¶ 6, and Ex. 1 thereto.

Ms. Newton commenced this action in Boulder County Court on June 8, 2004, and Fortis removed the case to this Court on August 11, 2004.

## II.   MOTION FOR DISMISSAL AND TO STRIKE

On December 7, 2004, Ms. Newton filed a motion to dismiss certain counterclaims and strike certain affirmative defenses from Fortis' answer to her First Amended Complaint. In the motion, she specifically seeks to dismiss counterclaims count 1 (fraud) and count 2 (negligent misrepresentation) and strike the eighth (fraud) and ninth (negligent misrepresentation) affirmative defenses. While her motion was pending, Ms. Newton filed a Second Amended Complaint. Fortis subsequently filed an Answer and Counterclaims to the Second Amended Complaint.

Even though the Second Amended Complaint, Answer and Counterclaims supercede the complaint the motion at issue here addresses, the Court will nevertheless address the motion on its merits because the Second Amended Complaint, Answer and Counterclaims contain substantially the same claims and defenses, with the exception of the negligent misrepresentation counterclaim.

### A.     Standard of Review

The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

F.R.Civ.P. 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case.  *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993).  Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985).

### B.     Defendants' Fraud Counterclaim and Affirmative Defense

Fortis counterclaims that the insurance contract is void due to Ms. Newton's fraudulent conduct in obtaining the policy.  In so doing, Fortis requests that all claims paid under the contract be returned to it and seeks an award of punitive damages.  Its counterclaim for fraud is contained in Count 1 of the Answers to the First and Second Amended Complaints.

Ms. Newton contends that Fortis has not pled with particularity this fraud counterclaim as required by F.R.Civ.P 9(b).  In order to satisfy Rule 9(b), the Tenth Circuit has required that the party pleading fraud "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof."  *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991) (applying Rule 9(b) to F.R.Bankr.P. 7009).  The Fifth and Seventh Circuits have described this as the "who, what, when, where, and how" of the alleged fraud.  See *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.), *cert. denied*, 498 U.S. 941 (1990).  The Tenth Circuit has recognized this formulation in unpublished opinions. *See e.g. Caprin v. Simon Transportation Services, Inc.*, 99 Fed. Appx. 150, 158 (10th Cir. 2004).  In other words, the Rule 9(b) test is  satisfied if the pleading "afford[s] the [party against whom it is pled] fair notice" of the "claims and factual ground upon which they are based . . . ."  *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Here, Fortis has pled the "who"–Ms. Newton; the "what"–that Ms. Newton stated

on her application that "within five years immediately preceding issuance of the policy she had not received any medical or surgical treatment, consulted a physician or taken any medicating concerning or for cancer [and a variety of other conditions]"; the "when,"–at the time of the application; the "where,"–in her application for insurance; and the "how,"–submitting the application for consideration by Fortis.  The allegation that Ms. Newton committed fraud in her insurance application is obvious and indeed explicit.  *See* Counterclaims at ¶ 10.  The Court finds that based on this pleading, Ms. Newton has had fair notice of the fraud claim and the facts upon which it is based.  Thus, it deems the counterclaim of fraud well-pled under Rule 9(b).

In addition, Ms. Newton seeks dismissal of the fraud counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, contending that Fortis cannot maintain such a claim without having suffering any damages.  She states in her reply brief that Fortis has not paid her or any medical provider any benefits relating her treatment for colon cancer.  She goes on to further state that "[d]efendant does not and will never have economic damages stemming from this controversy, regardless of the outcome."  Reply Brief at 10.  While all this may well be proven, the Court cannot consider such assertions of fact on a Rule 12(b)(6) motion for which the averments at issue must be accepted as true.  Here Fortis claims Ms. Newton fraudulently induced it to issue the policy by making false statements on her application.  Further, Fortis claims to have been damaged.  Counterclaims at ¶ 16.  Ms. Newton also requests in her reply brief that the Court dismiss Fortis' fraud counterclaim under F.R.Civ.P. 12(b)(6) based on waiver and rescission arguments.  Similarly, these

arguments cannot be decided on a Rule 12 motion as a matter of law. Accordingly, the Court DENIES Ms. Newton's Motion for Dismissal of Counterclaim Count 1.

Ms. Newton also requests that the Court strike Fortis' affirmative defense of fraud under F.R.Civ.P 12(f) because it is insufficient, immaterial and irrelevant. For the reasons stated above with regard to the fraud counterclaim, the affirmative defense of fraud is not necessarily insufficient, immaterial or irrelevant at this juncture. Accordingly, the Court DENIES the Motion to Strike Defendant's Eighth Defense.

### C.   Defendants' Negligent Misrepresentation Counterclaim and Affirmative Defense

Ms. Newton also moves to dismiss count 2 of Fortis' counterclaims and strike its ninth defense (both negligent misrepresentation). Fortis, in its Answer to the Second Amended Complaint and Response to Plaintiff's Motion to Dismiss and Strike, states that it no longer asserts a counterclaim for negligent misrepresentation, or a negligent misrepresentation affirmative defense as to Ms. Newton's individual claims. Accordingly, the Motion for Dismissal of Counterclaim Count 2 and to Strike Defendant's Ninth Defense is GRANTED as to this plaintiff. As to the negligent misrepresentation affirmative defense as applied to the class action claims, it cannot be said at this point that it does not apply to absent class members under California or Michigan law. To that extent, the Motion to Strike Defendant's Ninth Defense is DENIED without prejudice.

### III.   CONCLUSION

For the reasons stated above, the Court hereby rules as follows:

1. Plaintiff's 12(b)(6) Motion for Dismissal of Defendant's Counterclaims Count 1 and 2 for Failure to State a Claim Upon Which Relief Can be Granted and 12(f) Motion to Strike Defendant's Eighth and Ninth (Dkt. # 16) is DENIED, except that the motion to strike the misrepresentation affirmative defense is GRANTED as to this plaintiff.  The motion to the extent it seeks to strike the misrepresentation affirmative defense is otherwise DENIED without prejudice;

2. The minutes of the hearing on July 20, 2005 shall be amended to reflect the following:

    Defendant Fortis Insurance Company's Motion to Remand Proceedings to State Court (Dkt. # 21) is WITHDRAWN;

    The Joint Motion for Enlargement of Time in Which to File Supplemental Briefs Regarding Defendants' Motion to Remand and Request Vacate Certain Dates in Scheduling Order (Dkt. # 63) is DENIED as moot; and

    Plaintiff's Objection to Magistrate's Order of March 10, 2005 (Dkt. # 50) is OVERRULED.

DATED: August 16, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge