IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-1650-PSF-OES

MICHELE NEWTON,

    Plaintiff,

v.

FORTIS INSURANCE COMPANY,

    Defendant.

---

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AND
ORDER TO SET FAIRNESS HEARING**

---

The Court has received Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Notice Order ("Preliminary Approval Motion"). The Court notes that Defendant has stipulated to the granting of the Preliminary Approval Motion and to entry of a Preliminary Approval of Settlement and Notice Order in the form attached to that Motion. The Court also has received the Settlement Agreement (attached as Exhibit A to the Preliminary Approval Motion), which has been entered into between the Named Plaintiff, on her own behalf and that of the putative Settlement Class, and the Defendant, ("Settlement Agreement"). The Court has reviewed the Preliminary Approval Motion and the Settlement Agreement, including all attached exhibits, and heard the presentations of the Parties related thereto. Being fully advised in the premises, and good cause appearing for the entry of this Preliminary Approval of Settlement and Notice Order ("Preliminary Approval Order"), the Court hereby FINDS, CONCLUDES AND ORDERS as follows:

1.   For purposes of this Preliminary Approval Order, the Court adopts all defined terms set forth in the Settlement Agreement, and incorporates them herein by reference as if fully set forth.

2.   The Court preliminarily approves the Settlement as embodied by the Settlement Agreement, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness and adequacy of the Agreement and to show cause, if any exists, why the Settlement should not be finally approved according to the terms of the Settlement Agreement.

3.   The Court preliminarily approves Michele Newton as the class representative for the Settlement Class.

4.   The Court preliminarily approves Eppsteiner & Smith, LLP, Stuart M. Eppsteiner, Schuetze and Gordon, LLP, and Glen Gordon as Settlement Class Counsel.

5.   The Court finds and concludes that the Notice of Proposed Settlement of Class Action and Hearing on Final Approval, attached as Exhibit C to the Settlement Agreement, ("Notice") complies with the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Court, accordingly, approves the same as to form and content, and for distribution to Settlement Class Members, and ORDERS that the Notice be distributed to the Settlement Class Members in accordance with the procedures set forth in the Settlement Agreement.

6.   The Court finds and concludes that individual mailing of the Notice to Settlement Class Members at their last known addresses, as they appear in the business records of Fortis Insurance Company ("Fortis"), supplemented by the

procedures for re-mailing of returned Notices, as set forth in the Settlement Agreement, constitutes the best notice practicable under the circumstances, complies with the requirements of Fed. R. Civ. P. 23(c)(2)(B) and satisfies the requirements of due process of law.

7.  The Court finds and concludes that, because the identities and last known addresses of the Settlement Class Members are available from Fortis' business records, and because mailing to those addresses will be supplemented by the procedures for re-mailing returned Notices as provided in the Notice Procedures of the Settlement Agreement, notice by publication is not required.

8.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies, for purposes of effectuating this Settlement only, a Settlement Class consisting of all individuals owning or being the beneficiaries of Fortis Insurance Company Short Term and Student Select health insurance policies that were issued in Colorado or California, (A) who submitted, or who had submitted on their behalf, claims for payment of health related expenses under such policies, and (B) who had at least one such claim denied during the period (i) for Settlement Class Members whose Fortis insurance polices were issued in California: June 8, 2000 to the date hereof and (ii) for Settlement Class Members whose Fortis insurance polices were issued in Colorado: June 8, 2001 to the date hereof based solely on the reason that the individual's claim did not meet the coverage requirement that the health condition to which the expenses related first manifested itself during the period when the insurance policy was in force.

9. Named Plaintiff and Defendant are enjoined from prosecuting any claim asserted by either of them in the Action and from filing any actions or proceedings concerning the Released Claims.

10. The Court makes no finding or conclusion of law in the Action that any Party has engaged in any kind of wrongdoing whatsoever.

11. Named Plaintiff and Plaintiff's Counsel are Ordered not to refer to the Settlement or Settlement Agreement, or offer or seek to have them admitted into evidence, in any proceeding other than the Action and/or a proceeding involving an effort to enforce the Settlement Agreement, including, but not limited to, an effort to enforce the release of the Released Claims and the Covenants Not to Sue.

12. The Court finds, concludes and Orders that neither this Order, the Settlement nor the Settlement Agreement shall have any precedential, collateral estoppel, statute of limitations or res judicata effect against Defendant in any matter or proceeding other than (a) the Action and/or (b) a proceeding involving an effort to enforce the Settlement, including, but not limited, an effort to enforce the release of the Released Claims and the Covenant Not to Sue.

13. The Court hereby authorizes and Orders the Claims Administrator to supervise, administer and carry out the procedures for providing notice to the Settlement Class, subject to, and in accordance with, the terms of the Settlement Agreement.

14. The Court stays the Action, relieves Named Plaintiff and Defendant from all discovery obligations and vacates all dates and deadlines in the Action other than the date for the Hearing on Final Approval.

15. The Court orders Defendant, and its agents and counsel not to communicate with any Settlement Class Member, except to refer any communications received by it or them to Settlement Class Counsel.

16. The Court notes, but takes no position on and thus declines to preliminarily approve, Plaintiff's and Settlement Class Counsel's application for Attorney's Fee of $250,000.00, Litigation Costs of $55,563.00, and Incentive Award of $61,000.00. Settlement Class Members have a right to object to such request, and this Court will consider said application at the Fairness Hearing.

17. The Court's attention has been specifically directed to paragraph XI.A of the Settlement Agreement according to which Defendant has the sole and absolute right to terminate the Agreement if certain events do or do not occur. The Court specifically approves paragraph XI.A of the Settlement Agreement.

18. The Court Orders that neither the Settlement nor the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Parties of the truth of any of the allegations made by any Party in the Action, or of any liability, fault, or wrongdoing of any kind.

19. The Court will conduct a Fairness Hearing on Final Approval on **May 15, 2006 at 9:00 a.m.** for the purpose of hearing and determining any objection to the Settlement properly filed by a Settlement Class Member and, as may be appropriate under the circumstances, finally approving the Settlement, considering the requested attorneys' fees, litigation expenses and an incentive award and entering the Judgment. The Court has set aside two hours, if necessary, for this fairness hearing.

20.     The Court orders that the Settlement, the Settlement Agreement, the Motion for Preliminary Approval of Settlement and Notice Order, Fortis' Stipulation to the same and/or the Preliminary Approval of Settlement and Notice Order shall not be admissible for any purpose in any proceedings in the Action following termination of the Settlement Agreement (other than a proceeding to challenge or determine the appropriateness of such termination), including, without limitation, proceedings related to class certification.

DATED: February 2, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge