IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01650-PSF-MEH

MICHELE NEWTON,

    Plaintiff,

v.

FORTIS INSURANCE COMPANY, a Wisconsin corporation; and
FORTIS BENEFITS INSURANCE COMPANY, a Minnesota corporation,

    Defendants.

---

**ORDER APPROVING FIRST AMENDMENT
TO CLASS ACTION SETTLEMENT AGREEMENT**

---

This matter came before the Court on the Parties' Joint Motion to Amend Class Action Settlement Agreement ("Motion"). Having considered the Motion, including all of the Exhibits attached thereto, and the Affidavit of Glen Gordon in Support of Joint Motion to Amend Class Action Settlement Agreement and being otherwise fully advised in the premises, and concluding that good cause exists for the granting thereof, the Motion is GRANTED in its entirety. The Court specifically, Finds, Concludes and Orders as follows:

**I.    FINDINGS OF FACT**

    1.    The Parties entered into the Class Action Settlement Agreement resolving this matter effective January 26, 2006.

2. The Parties having moved for preliminary approval of the Settlement, on February 2, 2006, the Court preliminarily approved the Settlement Agreement, ordered that notice be provided to the Settlement Class and set a Fairness Hearing for May 15, 2006 at 9:00 AM.

3. Shortly after the Court preliminarily approved the Settlement, Defendant discovered that it had inadvertently supplied incorrect information to Plaintiff concerning the amount of base damages allegedly suffered by the Settlement Class. Instead of the $972,884 in base damages that Defendant had represented and disclosed throughout the settlement negotiations up to and including execution of the Settlement Agreement, Defendant discovered that the correct amount of those base damages was $1,271,389. This error resulted from the mistake of a computer technician in inputting search criteria to extract pertinent data from Defendant's computer databases in which the damages information was stored. While inadvertent, this error is clearly material.

4. During the Parties' settlement negotiations up to and including their execution of the Settlement Agreement, both Parties assumed that the erroneous base damages amount was correct. In particular, the Parties both relied on the correctness of the erroneous figure of $972,844 as representing the base damages allegedly suffered by the Settlement Class in agreeing upon the Settlement Amount of up to $750,000 set forth in the Settlement Agreement. Class Counsel had no basis to question the correctness of this information, as it had been provided in response to sworn discovery and was consistent with the information their own considerable due

diligence had revealed. The Court, accordingly, finds no fault or dereliction on the part of Class Counsel in relying on the accuracy of the information provided by Defendant.

5.   Upon discovering the error, counsel for Defendant immediately informed Class Counsel of the error, and, on behalf of Defendant, offered to increase the Settlement Amount Defendant had agreed to pay to an amount bearing the same proportion to the newly disclosed damage amount as the original Settlement Amount had born to the erroneous amount. The original Settlement Amount was 77.09% of the erroneous damage amount of $972,884.  Defendant, accordingly, offered to increase the Settlement Amount to 77.09% of the correct base damages amount of $1,271,389, or to $980,113. Plaintiff accepted, and the Motion asks the Court to approve this increased amount.

6.   The Parties also agreed to increase the upset amount giving Defendant the right to terminate the Settlement and Settlement Agreement if the claims of those opting out of the class exceeded $65,000 proportionally to $84,943.

7.   The Parties also agreed to amend certain other provisions of the Settlement Agreement in order to conform them to the amendment and to conform the deadlines for Settlement Class Members to exclude themselves from the Settlement Class, object to the Settlement and make claims for distribution to the need for securing further Court approval and the time expected to be consumed in that process.

8.   Notice to the class has not yet been given, and the Parties have submitted amended forms of class notice and claim forms for approval of the Court.

9. The time provided under the amendment between the giving of class notice and the deadline for exclusion, objection and the making of claims is at least as great as that provided under the initial Settlement Agreement, as preliminarily approved by the Court, and no prejudice will result to the class by the change in these deadlines effected by the amendment.

## II.   CONCLUSIONS OF LAW

1. The increase in the base Settlement Amount effected by the amendment, from $750,000 to $980,113, is a fair, reasonable and adequate amendment to the Settlement Agreement to rectify the error in the original disclosure of damage information by Defendant.

2. The increase in the base Settlement Amount effected by the amendment in the upset amount, from $65,000 to $84,943, is a fair, reasonable and adequate amendment to the Settlement Agreement to rectify the error in the original disclosure of damage information by Defendant.

3. All other amendments contained in the Parties' First Amendment to Class Action Settlement Agreement are fair, reasonable and adequate amendments to accommodate the error in the original disclosure of damage information by Defendant.

4. The amendments to the Notice of Proposed Settlement of Class Action and Hearing on Final Approval, attached as Exhibit B to the Motion, are appropriate and comply with the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Court, accordingly, approves the same as to form and content, and for distribution to Settlement Class Members.

  5. The amendments to the Claim Form, Release and Covenant Not To Sue, attached as Exhibit C the Motion, are appropriate to reflect the amendments to the Settlement Agreement.

### III. ORDER

  A. The Parties First Amendment to Class Action Settlement Agreement is approved in its entirety.

  B. The Settlement, as embodied in the Parties' Class Action Settlement Agreement, as amended by the Parties' First Amendment to Class Action Settlement, is preliminarily approved in its entirety, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness and adequacy of the Settlement Agreement, as amended, and to show cause, if any exists, why the Settlement should not be finally approved according to the terms of the Settlement Agreement, as amended.

  C. The Notice of Proposed Settlement of Class Action and Hearing on Final Approval of Settlement, in the form attached as Exhibit B to the Motion, is approved as to form and content, and for distribution to Settlement Class Members, and shall be distributed in such form to the Settlement Class Members in accordance with the procedures set forth in the Settlement Agreement, as amended.

  D. The Claim Form, Release and Covenant Not To Sue, in the form attached as Exhibit C to the Motion, is approved as to form and content, and for distribution to Settlement Class Members, and shall be distributed in such form to the Settlement

Class Members in accordance with the procedures set forth in the Settlement Agreement, as amended.

E.  Except as modified herein, the Court's Order of Preliminary Approval of Settlement and Order To Set Fairness Hearing, dated February 2, 2006, is reaffirmed and shall remain in full force and effect, subject to further Order of the Court.

DATED: March 16, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge