IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-1650-PSF-OES

MICHELE NEWTON,

        Plaintiff,

v.

FORTIS INSURANCE COMPANY,

        Defendant.

---

## ORDER AND JUDGMENT

---

        This matter comes before the Court on Plaintiff's Motion for Final Approval of

Class Action Settlement, Attorney's Fees, Costs and Incentive Award (Dkt. # 118), filed

May 9, 2006.  This Court conducted a Fairness Hearing on the settlement on May 15,

2006, at 9:00 a.m.  No objections were made.

        By the Final Approval Motion, Plaintiff seeks final approval of the Settlement

Agreement between the Parties, dated January 26, 2006 (Dkt. # 102, Ex. 1), as

amended by amendments dated February 24, 2006 (Dkt. # 109, Ex. 1) and April 19,

2006 (Dkt. # 116, Ex. 1).  Due and adequate notice has been given to the Settlement

Class, pursuant to the Preliminary Approval of Settlement and Notice Order, entered by

the Court on February 2, 2006 (Dkt. # 106), as amended by Order Approving First

Amendment to Class Action Settlement, entered March 16, 2006 (Dkt. # 113), and the

Order Approving Second Amendment to Class Action Settlement Agreement, entered

April 24, 2006 (Dkt. # 117).  The Court has considered: (i) the Settlement Agreement;

(ii) all amendments to the Settlement Agreement; (iii) the Declaration of Michael A. Zeeb Regarding Mailing of Class Notice and Calculation of Distributions Made in Support of Motion for Final Approval of Class Action Settlement, dated May 8, 2006 ("Zeeb Declaration I"); (iv) the Declaration of Michael A. Zeeb Regarding Alternative Calculation of Distributions Made in Support of Motion for Final Approval of Class Action Settlement ("Zeeb Declaration II"); (v) the Plans of Allocation set forth in the Zeeb Declarations I & II; (v) the Final Approval Motion, including all exhibits attached thereto; (vi) the application for attorney's fees, litigation expenses and incentive award contained in the Final Approval Motion; and (vii) all oral representations and comments of counsel for both Parties at the Hearing on Final Approval.  The Court, in addition, has reviewed the entire record in the Action.  Based upon its consideration and review of the foregoing, the Court finds and concludes that good cause exists for granting in part the Final Approval Motion as indicated below, and, accordingly, finds, concludes and orders as follows:

## I.  FINDINGS OF FACT

1.      For purposes of this Order Finally Approving Class Action Settlement and Final Judgment ("Order and Judgment"), the Court adopts all defined terms set forth in the Settlement Agreement and all amendments thereto, and incorporates such definitions herein as if fully set forth.

2.      The Settlement and Settlement Agreement, as amended, including, without limitation, the amended Settlement Amount as well as the judicial amendments described below constitutes a fair, reasonable and adequate settlement for the

2

Settlement Class Members and Named Plaintiff within the meaning of F.R.Civ.P. 23(e)(1)(C).

3.      The Settlement Agreement, as amended (including specifically, but not by way of limitation, the amended Settlement Amount, the releases of Released Claims by Released Parties and the provisions for dismissal of the claims asserted in the Action), constitutes a good faith settlement of the claims of all Parties, including those asserted on behalf of the Settlement Class, which was reached voluntarily, after consultation with competent, experienced and well informed legal counsel.

4.      The amount of Two Hundred Seventy-Five Thousand dollars ($275,000) constitutes a reasonable and just amount to be awarded to Plaintiff's Counsel as Attorney's Fees in this matter.  Although Plaintiff requested a larger amount of $323,437 for Attorney's Fees in this matter, and despite the Court's acknowledgment of the high quality of representation by counsel, the Court finds that in light of the circumstances of this case, the amount of $275,000 is reasonable and just.  The $48,437 difference shall be distributed *pro rata* to the Non-Excluded Settlement Class Members, in accordance with the previously submitted Plan of Allocation, described below.

5.      The amount of Fifty-Five Thousand, Five Hundred Sixty-Three Dollars ($55,563) constitutes a reasonable and just amount to be awarded to Plaintiff's Counsel as reimbursement for Litigation Expenses incurred in this matter on behalf of the Settlement Class.

6.      The amount of Twenty Thousand Dollars ($20,000) constitutes a reasonable and just amount to be awarded to Named Plaintiff as an Incentive Award to compensate her for her service as class representative for the Settlement Class in this matter.  Although

3

Plaintiff requested a larger amount of $31,000 as an Incentive Award, and despite the Court's acceptance of counsel's representations as to the Named Plaintiff's participation and cooperation in this case, the Court finds that in light of the circumstances of this case, the amount of $20,000 is reasonable and just. The $11,000 difference shall be distributed *pro rata* to the Non-Excluded Settlement Class Members, in accordance with the previously submitted Plan of Allocation, described below.

7.      The distribution of the Notice of Proposed Settlement of Class Action and Hearing on Final Approval was effected in accordance with the Preliminary Approval of Settlement and Notice Order, dated February 2, 2006, as amended.

8.      The process for submitting Requests for Exclusion and Claims Forms and Releases and for filing Objections to the Settlement was conducted in accordance with the Notice and Claims Procedures set forth in the Settlement Agreement and as required by the Preliminary Approval of Settlement and Notice Order, as amended.

9.      Settlement Class Member Elizabeth Cheatham submitted a Claim Form and Release one day late by telefax to the Claims Administrator. That claim was in the amount of $32,564.63. The parties informed me that they had disallowed this claim as untimely. I find that the late filing created no discernible administrative problems and that including this claim in the distribution of the Net Settlement Amount to Non-Excluded Settlement Class Members is fair and not unfairly prejudicial to the Non-Excluded Settlement Class Members. As set forth below, I order that Ms. Cheatham's claim be included in the distribution of the Net Settlement Amount to Non-Excluded Settlement Class Members.

10.     The Plan of Allocation, which is set forth in Amended Exhibit G and Amended Schedule G-1 attached to Zeeb Declaration II, is a fair, reasonable and adequate method of sharing the Net Settlement Fund between Non-Excluded Settlement Class Members.  However, this Plan of Allocation shall be amended to include the additional $48,437 and $11,000 as described above, for a total of $59,437, which shall be distributed *pro rata* among all class members, including Ms. Cheatham.

11.     No Settlement Class Members have filed Requests for Exclusion from the Settlement Class in accordance with the procedures set forth in the Preliminary Approval of Settlement and Notice Order, as amended.

12.     No Settlement Class Members have filed objections to the Settlement, the Settlement Agreement or the preliminary Plan of Allocation filed by Plaintiff herein in accordance with the procedures set forth in the Preliminary Approval of Settlement and Notice Order, as amended.

## II. CONCLUSIONS OF LAW

1.     The Court has jurisdiction over the subject matter of the Action and over Named Plaintiff, all the Settlement Class Members and Defendant.

2.     Michele Newton is an adequate class representative for the Settlement Class.

3.     Eppsteiner & Smith, LLP, Stuart M. Eppsteiner, Schuetze & Gordon, LLP and Glen Gordon are adequate class counsel for the Settlement Class.

4.     With respect to the Settlement Class, and for settlement purposes only, the Court finds and concludes that:

        a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable;

5

b)      there are questions of law and fact common to the class;

c)      in negotiating and entering into the Settlement and Settlement Agreement, the Named Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members;

d)      the claims of the Named Plaintiff are typical of the claims of the Settlement Class encompassed by the Settlement and Settlement Agreement, as amended;

e)      the questions of law and fact common to the Settlement Class predominate over any individual questions; and

f)      a class action is superior to other available methods for the fair and efficient adjudication of the Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.      No Requests for Exclusion of the Settlement Class Members having been filed in accordance with the procedures for exclusion set forth in the Preliminary Approval of Settlement and Notice Order, as amended, all Settlement Class Members are bound by the Settlement Agreement, as amended, and this Order Finally Approving Class Action Settlement And Final Judgment.

6.      The Notice of Proposed Settlement of Class Action and Hearing on Final Approval ("Notice") and the Amended Notice of Proposed Settlement of Class Action

and Hearing on Final Approval ("Amended Notice") that were distributed to Settlement Class Members fully complied with the requirements of F.R.Civ.P. 23(c)(2)(B).

7.      The Claims Administrator's provision of the Notice and Amended Notice to the Settlement Class Members complied with the Preliminary Approval of Settlement and Notice Order, as amended, and F.R.Civ.P. 23(e)(1)(B), constituted the best notice to Settlement Class Members practicable under the circumstances and satisfied the requirements of due process of law.

8.      The Settlement and Settlement Agreement, as amended, are fair, reasonable and adequate to all Settlement Class Members and to Named Plaintiff within the meaning of F.R.Civ.P. 23(e)(1)(C).

9.      The inclusion of the claim of Settlement Class Member Elizabeth Cheatham in the distribution of the Net Settlement Amount to Non-Excluded Settlement Class Members is fair and not unfairly prejudicial to the Non-Excluded Settlement Class Members.

**III.  ORDER AND JUDGMENT**

1.      The Final Approval Motion is granted in part, with the reduction as described above to the Attorney's Fee Award and the Incentive Award.

2.      Michele Newton is approved and certified as class representative for the Settlement Class.

3.      Eppsteiner & Smith, LLP, Stuart M. Eppsteiner, Schuetze & Gordon, LLP and Glen Gordon as Settlement Class Counsel are approved and certified as class counsel for the Settlement Class.

4.      Pursuant to F.R.Civ.P. 23(b)(3), a class is hereby certified, for settlement purposes only, consisting of all individuals owning or being the beneficiaries of Fortis Insurance Company Short Term and Student Select health insurance policies that were issued in Colorado or California, (A) who submitted, or who had submitted on their behalf, claims for payment of health-related expenses under such policies, and (B) who had at least one such claim denied during the period (i) for Settlement Class Members whose Fortis insurance polices were issued in California: June 8, 2000 to February 2, 2006 and (ii) for Settlement Class Members whose Fortis insurance polices were issued in Colorado: June 8, 2001 to February 2, 2006, based solely on the reason that the individual's claim did not meet the coverage requirement that the health condition to which the expenses related first manifested itself during the period when the insurance policy was in force.

5.      This Order Finally Approving Class Action Settlement And Final Judgment is final and binding on all Settlement Class Members.  Such Settlement Class Members constitute Non-Excluded Settlement Class Members within the Meaning of the Settlement Agreement and shall be subject to, and bound by, all the terms of the Settlement Agreement, as amended.

6.      Pursuant to, and in accordance with, the requirements of F.R.Civ.P. 23(e)(1)(C), the Court finally approves all terms of the Settlement and Settlement Agreement, as amended, including, specifically and without limitation, the amended Settlement Amount, each of the releases set forth in the Settlement Agreement and the provisions set forth in the Settlement Agreement, as amended, for dismissal of the Action, as fair, just, reasonable and adequate.

8

7.      The process for submitting Requests for Exclusion and Claims Forms and Releases and for filing Objections to the Settlement are hereby approved as conforming with the Notice and Claims Procedures set forth in the Settlement Agreement, as amended, and the Preliminary Approval of Settlement and Notice Order, as amended.

8.      The amount of Two Hundred Seventy-Five Thousand dollars ($275,000) is hereby awarded to Plaintiff's Counsel as reasonable compensation for their legal services rendered on behalf of the Settlement Class herein.  The Claims Administrator is authorized and Ordered to pay this amount to Plaintiff's Counsel from the Settlement Fund in accordance with the Settlement Agreement, as amended.

9.      The amount of Fifty-Five Thousand, Five Hundred Sixty-Three Dollars ($55,563) is hereby awarded to Plaintiff's Counsel as reimbursement for Litigation Expenses incurred by Plaintiff's Counsel in this matter on behalf of the Settlement Class.  The Claims Administrator is authorized and Ordered to pay this amount to Plaintiff's Counsel from the Settlement Fund in accordance with the Settlement Agreement, as amended.

10.     The amount of Twenty Thousand Dollars ($20,000) is hereby awarded to Named Plaintiff as an Incentive Award to compensate her for her service as class representative for the Settlement Class in this matter.  The Claims Administrator is authorized and Ordered to pay this amount to Plaintiff's Counsel for the benefit of Named Plaintiff from the Settlement Fund, in accordance with the Settlement Agreement, as amended.

11.     The late filed claim of Settlement Class Member Elizabeth Cheatham is to be included in the distribution of the Net Settlement Amount to Non-Excluded Settlement Class Members.

12.     Counsel for parties shall amend the previously submitted Plan of Allocation to account for the additional $59,437 available for *pro rata* distribution among all Non-Excluded Settlement Class Members.  This Plan of Allocation is approved as a means of distributing the Net Settlement Fund to Non-Excluded Settlement Class Members, and the Claims Administrator is authorized and Ordered to distribute the Net Settlement Fund to Non-Excluded Settlement Class Members in accordance with this Order, the Settlement Agreement and the Plan of Allocation.

13.     The Claims Administrator, Plaintiff's Counsel and Named Plaintiff are ordered to comply strictly and completely with the Notice and Claims Procedures and the Plan of Allocation.

14.     All claims and counterclaims asserted in the Action are dismissed as follows:

a)      All claims asserted by Named Plaintiff in her individual capacity against Fortis are dismissed, with prejudice, each party to pay her or its own costs, expenses and attorney's fees, except to the extent the Court has herein ordered payment of such items to Named Plaintiff and/or Plaintiffs' Counsel from the Settlement Fund.

b)      All claims asserted by or on behalf of any Settlement Class Member against Fortis based upon claims for payment of health-related expenses under Fortis Insurance Company Short Term and Student Select health insurance policies issued in Colorado and California that were denied during the period (i) for Settlement Class Members whose Fortis insurance polices were issued in California: June 8, 2000 to February 2, 2006 and (ii) for Settlement Class Members whose Fortis insurance polices were issued in Colorado: June 8, 2001

10

to February 2, 2006, based solely on the reason that the individual's claim did not meet the coverage requirement that the health condition to which the expenses related first manifested itself during the period when the insurance policy was in force are dismissed, with prejudice, each party to pay his, her or its own costs, expenses and attorney's fees, except to the extent the Court has herein ordered payment of such items to Named Plaintiff and/or Plaintiff's Counsel from the Settlement Fund.

c)      All claims asserted by Fortis against Named Plaintiff in her individual capacity are dismissed, with prejudice, each party to pay her or its own costs, expenses and attorney's fees, except to the extent the Court herein has ordered payment of such items to Named Plaintiff and/or Plaintiff's Counsel from the Settlement Fund.

d)      All claims asserted by Fortis against the Settlement Class are dismissed, without prejudice, each party to pay his, her or its own costs, expenses and attorney's fees, except to the extent the Court has herein ordered payment of such items to Named Plaintiff and/or Plaintiff's Counsel from the Settlement Fund.

e)      All other claims asserted by any Party are dismissed, without prejudice, each party to pay his, her or its own costs, expenses and attorney's fees, except to the extent the Court has herein ordered payment of such items to Named Plaintiff and/or Plaintiff's Counsel from the Settlement Fund.

6.      By this Order Finally Approving Class Action Settlement And Final Judgment, each Settlement Class Member shall be deemed to have fully, finally and forever

11

released, relinquished and discharged Fortis from the Fortis Released Claims, regardless of whether any such Settlement Class Member executed and delivered a Claim Form and Release or received any payment or distribution from the Settlement Fund.

7.      Named Plaintiff, all Settlement Class Members and Fortis are enjoined from asserting and/or prosecuting any Released Claim against any Released Parties.

8.      Named Plaintiff and Plaintiff's Counsel are enjoined from offering or seeking to admit into evidence the Settlement or the Settlement Agreement, or any amendments thereto, and from referring to either in any way (orally or in writing), in any proceeding other than the Action and/or a proceeding involving an effort to enforce the Settlement Agreement, as amended, including, but not limited to, an effort to enforce the release of the Released Claims and/or the Covenants Not to Sue.

9.      No finding of fact or conclusion of law has been made in the Action that Fortis engaged in any wrongful conduct of any kind whatsoever.

10.     No finding of fact or conclusion of law has been made in the Action that Named Plaintiff or any Settlement Class Member engaged in any wrongful conduct of any kind whatsoever.

11.     Neither this Order Finally Approving Class Action Settlement and Final Judgment, the Settlement nor the Settlement Agreement, as amended, shall have any precedential, collateral estoppel, statute of limitations or res judicata effect against Fortis in any matter or proceeding other than (a) the Action and/or (b) a proceeding involving an effort to enforce the Settlement, including, but not limited, an effort to enforce the release of the Released Claims and/or the Covenants Not to Sue.

12.     The Court retains exclusive jurisdiction to enforce the terms of the Settlement, the Settlement Agreement, as amended, the Plan of Allocation, the Order approving Attorney's Fees, Litigation Expenses and the Incentive Award, the Notice and Claims Procedures and this Order Finally Approving Class Action Settlement And Final Judgment.

13.     This Order Finally Approving Class Action Settlement And Final Judgment shall not be admissible for any purpose in any proceedings in the Action following termination of the Settlement Agreement (other than a proceeding to challenge or determine the appropriateness of such termination), including, without limitation, proceedings related to class certification.

DATED: May 26, 2006

BY THE COURT:


*s: Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge